# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAY ROY DENTON, )<br>)<br>Defendant. )<br>) | No. 3:19-CR-159-TAV-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned on January 3, 2020, for a scheduled motion hearing on the Defendant's Motion to Continue Trial, Plea Deadline and Motion Deadline [Doc. 11], filed on December 6, 2019. Assistant United States Attorney Alan Kirk appeared on behalf of the Government. Assistant Federal Defender Mary Margaret Kincaid represented Defendant Denton, who was also present.

In his motion, the Defendant asks the Court to continue the January 14, 2020 trial date to permit additional time for counsel to review discovery, continue to research relevant legal issues, and to properly prepare the case, taking into account counsel's exercise of due diligence. The motion relates that defense counsel will need at least thirty days to properly evaluate the filing of pretrial motions. The motion further relates that defense counsel has discussed the request for a continuance with the Defendant, who understands that the additional time would be excludable under the Speedy Trial Act. The motion states that the Government does not oppose the continuance.

At the motion hearing, Ms. Kincaid stated that since the filing of the motion, she has had the opportunity to complete review of the evidence with the Defendant and evaluate the filing of motions, such that all that is being requested is a short continuance of the trial date to allow time to confer with the Defendant and prepare for trial or otherwise engage in efforts to resolve the issues pending against the Defendant. AUSA Kirk confirmed that the Government did not object to the proposed trial continuance. Based on Ms. Kincaid's representation that after having completed review of discovery, she did not anticipate the filing of any pretrial motions, no new motion deadline was discussed, and the parties agreed on a new trial date of April 7, 2020.

The Court finds the motion to continue the January 14, 2020 trial date to unopposed and well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that a trial continuance is necessary in this case in order to permit counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Defense counsel needs additional time to confer with the Defendant and to prepare the case for trial or otherwise attempt to resolve the pending issues. Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Motion to Continue Trial, Plea Deadline and Motion Deadline [**Doc. 11**] is **GRANTED IN PART**. The trial of this matter is reset to **April 7, 2020**. The Court also finds that all the time between the filing of the motion on December 6, 2019, and the new trial date of April 7, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The deadline for concluding plea negotiations and

providing reciprocal discovery is extended to **March 10, 2020**. The request to continue the motion deadline is **DENIED AS MOOT,** based on the representation of defense counsel at the hearing that after review of discovery, no pretrial motions were deemed necessary. If the parties desire a final pretrial conference, they must contact Chambers to schedule one at least three weeks before trial. All motions *in limine* must be filed no later than **March 23, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **March 27**, **2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial, Plea Deadline and Motion Deadline [**Doc. 11**] is **GRANTED IN PART**;

(2) The trial of this matter is reset to commence on **April 7, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **December 6, 2019**, and the new trial date of **April 7, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The request for extension of the pretrial motion deadline is **DENIED AS MOOT** for the reason stated above;

(5) The deadline for concluding plea negotiations and providing reciprocal discovery is **March 10, 2020**;

(6) Motions *in limine* must be filed no later than **March 23, 2020**; and

(8) Special requests for jury instructions, supported by citations to authority, shall be submitted no later than **March 27, 2020**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3